UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO M. BERNAL,<br><br>   Petitioner<br><br>  v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>   Respondents. | Case No. 8:21-cv-02016-DOC (GJS)<br><br>**ORDER: SUMMARILY DISMISSING PETITION; AND DENYING A CERTIFICATE OF APPEALABILITY** |

On December 6, 2021, Petitioner filed a 28 U.S.C. § 2254 habeas petition [Dkt. 1, "Petition"], a "Motion for Modification of Sentence Pursuant to Panel Code Section 1202.4(b), (f)" [Dkt. 3, "Motion"], and a motion for the appointment of counsel [Dkt. 2, "Counsel Motion"]. The Motion is duplicative of the two grounds for habeas relief alleged in the Petition, which attack the trial court's imposition of restitution obligations. As alleged in the Petition and the Motion, when Petitioner was sentenced, the trial court imposed restitution fines totaling $16,538.59. Petitioner has appended to the Motion copies of the April 18, 2001 Abstract of Judgment that issued in his state criminal case, which show that the following two restitution fines were ordered: a restitution fine of $10,000 pursuant to California Penal Code § 1202.4(b); and a restitution fine of $6,538.59 pursuant to California Penal Code § 1202.4(f), payable to the victim.

Ground One of the Petition asserts that the trial court erred in imposing these restitution fines, because although it had found that Petitioner lacked the present ability to pay a particular sentencing-related cost, it failed to make a finding as to his ability to pay the restitution fines. Petitioner argues that under California law, including California Government Code § 13967, a trial court is required to determine a defendant's ability to pay before imposing a restitution obligation. Ground Two of the Petition essentially repeats Petitioner's Ground One argument. Petitioner contends that the trial court "exceeded its statutory power" under the foregoing Government Code provision by imposing the restitution fines without first ascertaining his ability to pay them.

Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), permits this Court to "apply any or all of these rules" to any habeas petition. Rule 4 of the Habeas Rules requires a district court to dismiss a petition, without ordering a responsive pleading, when "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the following reasons, the Court has concluded that Habeas Rule 4 requires the summary dismissal of the Petition.

Through 28 U.S.C. § 2254, Petitioner seeks to challenge the restitution fines that the trial court imposed pursuant to California Penal Code §§ 1202.4(b) & (f). When a habeas petition stems from a state court conviction, a federal court has jurisdiction to consider federal habeas relief only if the petitioner is "in custody pursuant to the" conviction challenged by the petition. 28 U.S.C. § 2254(a); see also 28 U.S.C. § 2241(a) & (c)(3). The Supreme Court has made clear that, for federal jurisdiction to exist over a Section 2254 petition, the petitioner must be "in custody" "under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (*per curiam*); *see also Bailey v. Hill*, 599 F.3d 976, 978-79 (9th Cir. 2010) (same, and further observing that "Section 2254(a)'s 'in custody' requirement is jurisdictional and therefore 'it is the first

question we must consider'" (citation omitted)).  The fact of a state prisoner's physical custody alone is insufficient to confer habeas jurisdiction; rather, jurisdiction exists only if there is a nexus between the petitioner's claim and the allegedly unlawful nature of the custody.  *Id.* at 980.

        The claims alleged in the Petition may not be raised in federal habeas review, because the federal habeas statute does not provide jurisdiction over a claim challenging a restitution order, even when the petitioner is incarcerated.  In *Bailey*, *supra*, the petitioner pleaded guilty and was ordered to pay restitution.  He filed a Section 2254 petition in which he alleged that his counsel provided ineffective assistance by not objecting to the restitution order imposed upon him.  The Ninth Circuit affirmed the dismissal of the petition on the ground that the petitioner did not meet Section 2254's "in custody" requirement for jurisdiction.  *Bailey*, 599 F.3d at 977.  The Ninth Circuit concluded that Section 2254 "does not confer jurisdiction over a state prisoner's in-custody challenge to the non-custodial portion of his criminal sentence," such as a restitution order.  *Id.* at 982; *see also id.* at 984 ("we hold that § 2254(a) does not confer jurisdiction over a habeas corpus petition raising an in-custody challenge to a restitution order"); *Williamson v. Gregoire*, 151 F.3d 1180, 1183 (9th Cir. 1998) (observing that, "[i]n general, courts hold that the imposition of a fine . . . is merely a collateral consequence of conviction, and does not meet the 'in custody' requirement"); *Flores v. Hickman*, 533 F.Supp.2d 1068, 1085 (C.D. Cal. 2008) (trial court's imposition of restitution not cognizable on habeas review under Section 2254 because restitution order does not affect duration of custody).

        A challenge based on the imposition of a restitution fine – whether direct or indirect – does not provide the requisite jurisdictional nexus for federal habeas review.  *Bailey*, 599 F.3d at 981.  The Ninth Circuit has made clear that this Court lacks jurisdiction to consider Petitioner's challenges to the $10,000 and $6,538.59 restitution fines imposed by the trial court in 2001.  *Id.* at 984 ("courts do not have

jurisdiction over a habeas corpus petition brought pursuant to § 2254 challenging only a restitution order"). Even if, arguendo, Petitioner could prevail on his claims, the only relief he could receive would be a setting aside of the restitution fines – relief that would not affect any restraint on his liberty and, thus, which falls outside the scope of federal habeas review and relief allowable under Section 2254. Petitioner's claims alleged in the Petition do not state any cognizable basis for federal habeas relief, nor could they do so with amendment. There is no Section 2254 jurisdiction over the Petition, and therefore, Habeas Rule 4 mandates its dismissal.[1]

Accordingly, IT IS ORDERED that: the Petition and the Motion are DISMISSED, as is the Counsel Motion; and Judgment shall be entered dismissing this action without prejudice.

In addition, pursuant to Rule 11(a) of the Habeas Rules, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

**IT IS SO ORDERED**.

DATED:  December 20, 2021

_____
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

---

[1]  Given the lack of jurisdiction here, the Court need not, and does not, consider the likely untimeliness of the Petition under 28 U.S.C. § 2244(d).